Case 3:24-cv-00262   Document 17   Filed on 04/11/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM P.,[1] | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00262 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Plaintiff William P. seeks judicial review of an administrative decision denying his application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). William P. and Defendant Leland Dudek, the Acting Commissioner of the Social Security Administration (the "Commissioner")[2] have both filed briefs. *See* Dkts. 10, 15. After reviewing the briefing, the record, and the applicable law, I affirm the Commissioner's decision.

## BACKGROUND

On May 19, 2021, William P. filed a Title II application for disability and disability insurance benefits alleging disability beginning November 4, 2019. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that William P. was

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

[2] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Dudek is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

not disabled. William P. filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past

relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that William P. "has not engaged in substantial gainful activity since November 4, 2019, the alleged onset date." Dkt. 8-3 at 17.

The ALJ found at Step 2 that William P. "has the following severe impairments: degenerative disc disease, degenerative joint disease of the knees, chronic obstructive pulmonary disease, coronary artery disease, hypertension, liver disease, and obesity." *Id.* After reviewing the "paragraph B" criteria,[3] the ALJ found that William P.'s "medically determinable mental impairment of adjustment disorder does not cause more than minimal limitation in [his] ability to perform basic mental work activities and is therefore nonsevere." *Id.* at 18.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments. *See id.* at 19–20.

---

[3] "The severity of 'mental disorders' is measured using medical criteria ('paragraph A'), functional criteria ('paragraph B'), and an analysis of 'serious and persistent mental disorders' ('paragraph C')." *Vigil v. Berryhill*, No. EP-17-cv-0242, 2018 WL 3233345, at *2 (W.D. Tex. July 2, 2018) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(a)–(c)). A claimant's mental disorder satisfies "paragraph B" when it results in one "extreme" or two "marked" limitations in the following "areas of mental functioning a person uses in a work setting": (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(b).

Prior to consideration of Step 4, the ALJ determined William P.'s RFC as follows:

> [William P.] has the residual functional capacity to perform a range of work between light and sedentary as defined in 20 CFR 404.1567(b). [He] is able to lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently. He is able to stand or walk two hours out of an eight-hour workday and he is able to sit six hours out of an eight-hour workday. He is able to climb stairs or ramps occasionally, but he must avoid climbing ladders, ropes, or scaffolds. He is able to balance frequently. He is able to stoop, kneel, crouch, or crawl occasionally. He is able to tolerate occasional exposure to extreme cold, extreme heat, humidity, fumes, odors, dust, gases, and environments with poor ventilation. He must avoid all exposure to hazards.

*Id.* at 20.

At Step 4, the ALJ found that William P. "is capable of performing past relevant work as a customer service technician . . . as he describes actually performing it. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." *Id.* at 23.

Accordingly, the ALJ found that William P. "has not been under a disability, as defined in the Social Security Act, from November 4, 2019, through the date of [the ALJ's] decision." *Id.* at 25.

## DISCUSSION

This straightforward appeal presents just one purely legal question for my review: whether the ALJ erred by not including or even mentioning William P.'s mild mental limitations in her RFC finding. I answer that question in the negative.

At Step 2, the ALJ found that William P.'s medically determinable mental impairment of adjustment disorder was not severe. With regard to the paragraph B criteria, the ALJ found that William P. has no limitations in the functional areas of (1) understanding, remembering, or applying information; (2) interacting with others; and (3) adapting or managing oneself. *See* Dkt. 8-3 at 18. With regard to concentrating, persisting, or maintaining pace, the ALJ found that William P. "has mild limitation." *Id.* The ALJ also found that "the evidence does not otherwise

indicate that there is more than a minimal limitation in [William P.]'s ability to do basic work activities." *Id.*

William P. does not take issue with the ALJ's analysis of the paragraph B criteria or her Step 2 findings. Rather, William P. contends that the ALJ erred by failing to account for his mild limitation when crafting his RFC. Specifically, William P. argues that "the ALJ's exclusion of mental impairments from the RFC, while at the same time finding that they have *at least some effect* on his ability to perform work related tasks is not harmless error." Dkt. 10 at 7. To be very clear, "[t]he [alleged] error here is not the ALJ's failure to *include* mental limitations in the residual-functional-capacity assessment. Rather, the [alleged] error is the failure to *consider* whether mental functional limitations were warranted." *Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 489 (W.D. Tex. 2022).

William P. relies on *Castillo* and a host of other opinions from district courts within the Fifth Circuit to persuade me that the ALJ's failure to consider his mild limitation in a paragraph B criterion after Step 2 warrants remand. *See* Dkt. 16 at 6–8 (collecting cases). There is just one problem: neither *Castillo* nor any of the other 12 district court opinions relied upon by William P. discuss or even cite the Fifth Circuit's decision in *Jeansonne v. Saul*, 855 F. App'x 193 (5th Cir. 2021). As the Commissioner notes:

> *Jeansonne v. Saul*, . . . although unpublished, addresses in detail an ALJ's analysis of mild mental limitations. The Court found that substantial evidence supported a finding that the claimant's non-severe anxiety and depression did not significantly affect her ability to work. *Id.* at 197. Therefore, the ALJ did not err in declining to consider her mental impairments in the RFC, which assesses "all the relevant evidence of an individual's ability to do work-related activities." *Id.* (quoting SSR 96-8p, 1996 WL 374184, at *5).

Dkt. 15 at 9 (cleaned up).

William P. retorts—in a footnote—that *Jeansonne* is "distinguishable and do[es] not directly refute [his] argument" because "the error raised was whether the ALJ erred by finding the claimant's mental impairments nonsevere, not

5

whether the ALJ erred by failing to account for their own mild 'paragraph B' findings." Dkt. 16 at 5 & n.6. This is simply not true. On appeal, Jeansonne argued that it was "facial legal error" for the ALJ not to have accounted for the three mild limitations the ALJ assessed when evaluating the paragraph B criteria in crafting her RFC. Brief for Appellant at 30, *Jeansonne v. Saul*, No. 20-30570 (Nov. 23, 2020). Moreover, as here, Jeansonne, who "was of advanced age," argued that "[t]he ALJ's failure to account for [her] admitted mild mental functional limitations in the RFC finding was a significant legal error because the issue . . . was [her] mental capacity to perform semi-skilled work" as opposed to unskilled work. *Id.* at 13, 20.

> The Fifth Circuit held:
>
> Because substantial evidence shows that Jeansonne's mild mental limitations do not significantly affect her ability to work, we also find no error at step five—whether the impairment prevents the claimant from performing any other substantial gainful activity. Generally, at step five, an ALJ considers the claimant's residual functional capacity ("RFC") as part of the determination of whether the claimant is unable to perform other substantial gainful activity. Although not binding on this Court, we have frequently looked to SSA rulings for guidance on what should be considered for a claimant's RFC. SSR 96-8p instructs that "*all* relevant evidence in the case record" should be considered for RFC, and "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Nevertheless, "the RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's *ability to do work-related activities*."
>
> As previously stated, the evidence supports a finding that Jeansonne's mild mental limitations do not significantly affect her ability to work. Therefore, we determine that the ALJ did not err in declining to consider Jeansonne's mental impairments at step five.

*Jeansonne*, 855 F. App'x at 197–98 (cleaned up).

Although *Jeansonne* is not a precedential decision, it is almost perfectly apposite to this case and, as a Fifth Circuit opinion, surely merits at least as much persuasive force as district court opinions. *See, e.g., Mayweather v. U.S. Comm'r*

*Soc. Sec. Admin.*, No. 08-cv-0391, 2009 WL 311099, at *2 (W.D. La. Feb. 9, 2009) (Where a Fifth Circuit opinion "is unpublished and issued after January 1, 1996, . . . it is not precedential. Fifth Cir. R. 47.5.4. But it is certainly of persuasive value."). If *Castillo* or any of its progeny—all of which were decided after *Jeansonne*—had at least discussed *Jeansonne*, I might have found them persuasive. But none of the 13 opinions relied upon by William P. even identify *Jeansonne*. And William P. refuses to engage with *Jeansonne*'s holding outside of referencing it in a footnote that incorrectly describes its holdings by omission.

William P. does not contest the ALJ's Step 2 finding that his "medically determinable mental impairment causes no more than 'mild' limitation in any of the functional areas <u>and</u> the evidence does not otherwise indicate that there is more than a minimal limitation in [his] ability to do basic work activities." Dkt. 8-3 at 18. Thus, I agree with the other district courts in this circuit that have confronted the argument William P. raises here and at least identified *Jeansonne* as relevant: "ALJs may properly exclude non-severe mental limitations from the RFC assessment where substantial evidence supports the [psychiatric review technique] determinations that mental limitations do not significantly affect the claimant's capacity to perform work-related activities." *Fitzgerald v. O'Malley*, No. 7:23-cv-0209, 2024 WL 4575144, at *12 (S.D. Tex. Sept. 30, 2024); *see also Brown v. Comm'r of Soc. Sec.*, No. 7:23-cv-00084, 2024 WL 4169173, at *9 (N.D. Tex. May 1, 2024) ("Brown has not argued that substantial evidence did not support the ALJ's step two determination. Therefore, because the ALJ found at step two that Brown's non-severe mental impairments did not cause 'more than a minimal limitation in the claimant's ability to do basic work activities,' there was no error in not considering them in the RFC determination."); *Murray v. Saul*, No. 1:20-cv-0800, 2021 WL 3721447, at *4 (W.D. Tex. Aug. 23, 2021) (no error where "the ALJ failed to explain why Plaintiff's mild mental limitations did not warrant additional limitations in Plaintiff's RFC"); *Wyman v. O'Malley*, No. 3:23-01636, 2024 WL 4969164, at *9 (W.D. La. Nov. 18, 2024) ("To the extent that the ALJ may

have erred in how he structured his decision (by including a discussion of Wyman's mental impairments only in his step two analysis), any error was harmless."); *Brown v. Comm'r of Soc. Sec.*, No. 1:22-cv-1367, 2024 WL 115814, at *4 (W.D. Tex. Jan. 10, 2024) ("Here, the ALJ found 'no more than mild' limitations in the four 'paragraph B' criteria, and thus, properly excluded mental limitations from the RFC."); *Cruz v. Kijakazi*, No. SA-21-cv-01246, 2022 WL 17039318, at *6 (W.D. Tex. Nov. 17, 2022) ("Mild findings as to the Paragraph B criteria do not mandate the inclusion of mental limitations in the RFC, where the mild limitations do not affect the claimant's ability to do work.").

## CONCLUSION

For the reasons discussed above, I find the Commissioner's decision supported by substantial evidence and free of legal error. The Commissioner's decision is affirmed.

A final judgment will issue separately.

SIGNED this "th day of April 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE